## ANTON MOLISH V. THE STATE.

### No. 9125.  Delivered November 11, 1925.

#### 1.—Keeping Premises for Sale of Liquor—Evidence—Of Numerous Sales —Properly Admitted.

Where, on a trial for keeping his premises to be used for the purpose of selling intoxicating liquor, there was no error in permitting several witnesses to testify that they had bought whiskey on said premises from appellant's wife, and to show more than one transaction, as a circumstance to bring home to the defendant knowledge of same, and to establish that he knew the purpose for which his wife was using said premises.

#### 2.—Same—Accomplice—Purchaser Not Such.

Where, on a trial for keeping his premises to be used for the purpose of selling intoxicating liquor, witnesses who testified to purchases made by them on said premises, of whiskey, from the wife of appellant, were not accomplices, in the absence of proof that they had some interest in the premises.

#### 3.—Same—Circumstantial Evidence—Charge on—Improperly Refused.

To constitute the offense of keeping premises to be used for the purpose of selling intoxicating liquor, such premises must be so kept *knowingly*.  While the State proved numerous sales of whiskey made by appellant's wife, there was no direct evidence that appellant himself knew of such sales made by her, and the court erred in refusing to charge on circumstantial evidence, and for this error the cause must be reversed.

Appeal from the Criminal District Court of Williamson County.  Tried below before the Hon. Jas. R. Hamilton, Judge.

Appeal from a conviction for keeping premises to be used for the purpose of selling intoxicating liquor; penalty, one year in the penitentiary.

The opinion states the case.

*W. C. Wofford* and *Wilcox & Graves,* for appellant.

*Sam D. Stinson,* State's Attorney, and *Nat Gentry, Jr.,* Assistant State's Attorney, for the State.

BAKER, JUDGE.—The appellant was tried and convicted in the District Court of Williamson County for the offense of unlawfully and knowingly keeping and being interested in keeping his premises to be used for the purpose of selling intoxicating liquor and his punishment assessed at one year in the penitentiary.

Appellant complains of the action of the court in refusing to quash the indictment on account of the uncertainty thereof as set out in bill of exception No. 1. We think there is no error in the court overruling said motion.

Appellant complains of the action of the court in his bills of exception to the court permitting the State to prove by two or three witnesses sales of whiskey made to the said witnesses by the appellant's wife. He complains that the court did not confine the State to one of the alleged transactions or sales, and in permitting the State to show different transactions pertaining to said sales to said witnesses by said appellant's wife. Appellant contends that the admission of said testimony was prejudicial and that he was not responsible for the acts of his wife, and the State should have been confined to one sale only. We are unable to agree with appellant on either of said contentions, and believe that it was permissible for the State to show, if it could, by circumstances, that appellant knew of the alleged sales being made by his wife, and was entitled to prove more than one transaction as a circumstance to bring home to the defendant knowledge of same, and to show, if it could, that he knew the purpose for which his wife was using said premises.

It is also contended by appellant that the State's witnesses who' purchased the intoxicating liquor from the appellant's wife were accomplices and the court erred in not so instructing the jury at the special request made by the appellant. We are unable to agree with this contention, and in order to show that the said witnesses were accomplices under the law, it would be necessary in this particular case to show they were interested in some way in the keeping of said premises for the purpose of selling intoxicating liquor before they would come within the law pertaining to accomplices.

There is also complaint made to the charge of the court and his refusal to give certain special charges presented by appellant on the issues of the knowledge of appellant as to his wife's actions relative to selling intoxicating liquor and defining the term "keeping said premises." After a careful consideration of said special charges in connection with the court's general charge we are of the opinion that the court charged fully the law applicable to this case, and that there was no error in refusing to give said special charges complained of.

By proper exception appellant complains of the action of the court in not submitting a charge to the jury on circumstantial evidence. There are only two witnesses introduced

by the State, Obenchain and Lee, that tended in the least to show by positive proof that appellant knew that said premises were being used for the purpose of selling intoxicating liquors. The witness Obenchain testified that he and Charlie Lee and appellant, while sitting around a table in the dining room on appellant's premises, drank some whiskey, and that he and Lee threw some money on the table, and that appellant's wife, he thought, picked it up, but that he was not sure that appellant was at the table at the time or was in the room. Both of said witnesses testified to getting some whiskey on the same occasion from appellant's wife and paying her for it. The witness Obenchain stated that he was not in a position to swear that appellant knew anything about him and Lee giving any money at all to his wife, that he never spoke to the appellant about buying any whiskey at all. Witness Lee denied paying for the drinks while around the table by him, and witness Obenchain, but testified he asked appellant's wife, after taking the drinks around the table, what about getting some to take along with them, and that she went into another room and brought out about a quart of whiskey in a jar for which they paid her, and at that time appellant was sitting across on the other side of the table. Thereafter said witness Lee testified to going to said premises at night time and that appellant was lying down on the end of the gallery, and that he purchased some whiskey from appellant's wife, but that he was not in a position to swear that appellant saw him pay for said whiskey, or saw his wife deliver same to him. This was the only testimony introduced by the State that tended to show any sales of whiskey on the premises of the appellant while he was in close proximity thereto. However, the State showed several sales of whiskey by appellant's wife at other times while he was on the premises, but it was not shown he was in a position to see the same. None of the witnesses for the State contended that they had ever bought any whiskey from the appellant or asked him to sell them any.

From the above and foregoing facts we are of the opinion that under the Statutes requiring said premises to be knowingly kept for such purposes the court should have submitted a proper charge on circumstantial evidence, because from the above testimony it would have to be inferred that appellant saw said alleged transactions or knew that said premises were being kept for the purposes of selling intoxicating liquors.

For the reasons above stated we are of the opinion that the judgment of the trial court should be reversed and the cause remanded, and it is so ordered.

*Reversed and remanded.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.